**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Arden Cone, | No. CV-24-03119-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Greenwood Motor Lines Incorporated, | |
| Defendant. | |

Plaintiff has filed a motion for leave to file a First Amended Complaint ("FAC"). (Doc. 18.) This motion was filed before expiration of the amendment deadline in the scheduling order (Doc. 15 at 1), so it is not subject to Rule 16's good cause standard and need only satisfy Rule 15's more liberal amendment standard. Furthermore, although the motion indicates that Defendant Greenwood's counsel declined to consent to the amendment (Doc. 18 at 2), Defendant Greenwood did not subsequently file an opposition to the amendment request and the time to do so has expired. Thus, pursuant to LRCiv 7.2(i), it would be permissible to summarily grant the motion as unopposed.

Nevertheless, the wrinkle here is that the proposed FAC seeks to add a new defendant, R&L Carriers Shared Services, L.L.C. ("R&L"), but fails to properly allege R&L's citizenship. More specifically, although the proposed FAC alleges that R&L "is a foreign limited liability company domiciled in Ohio and registered to do business in Maricopa County, Arizona," these details are irrelevant in assessing the citizenship of an LLC, as an LLC "is a citizen of every state of which its owners/members are

citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016). Determining the citizenship of R&L is imperative because this case was removed solely on the basis of diversity jurisdiction (Doc. 1), so if R&L is a citizen of Arizona, this would destroy complete diversity and complicate the decision whether to allow amendment. *See generally Bailey v. Bayer CropScience L.P.*, 563 F.3d 302, 307-08 (8th Cir. 2009) (noting that "[i]f a potential defendant, whose joinder would destroy jurisdiction, is determined to be indispensable, the district court must either permit joinder and grant remand under § 1447(e), or dismiss the action pursuant to Rule 19(b)" and that "when a trial court grants a plaintiff leave to amend the complaint by naming additional defendants, and the plaintiff fails to inform the court that one or more of those defendants will destroy diversity, the trial court may reconsider its earlier decision").

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to file the FAC (Doc. 18) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiff may, within 14 days of the issuance of this order, file a renewed motion for leave to file a FAC that includes, as an attachment, a proposed FAC with proper jurisdictional allegations regarding the citizenship of R&L. If those allegations establish that R&L is not a citizen of Arizona, the motion will be summarily granted. If those allegations establish that R&L is a citizen of Arizona, the motion must address why amendment should be allowed despite its diversity-destroying effect and Defendant Greenwood may file an opposition within 14 days of when the motion is filed.

Dated this 28th day of July, 2025.

Dominic W. Lanza
United States District Judge